IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON PLATT, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL OF )<br>PENNSYLVANIA, *et al.*, )<br>      Respondents. ) | Civil Action No. 2:20-cv-1799<br><br>Magistrate Judge Patricia L. Dodge |

## MEMORANDUM ORDER

Petitioner, state prisoner Leon Platt, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF 4). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Lawrence County on August 3, 2016 on his convictions of third-degree murder and related crimes. Now pending before the Court is his Motion to Amend.[1] (ECF 35.) He seeks leave of Court to amend his Petition to raise a *Brady* claim. It is predicated upon his assertion that the Commonwealth suppressed evidence that one of its witnesses, Taylor Foley, received a deal from it in exchange for testifying against Petitioner at his trial. Petitioner contends that this claim is based upon newly-discovered evidence.

The Court will grant Petitioner's Motion and permit him to amend his Petition to raise his *Brady* claim, but the Court's decision to do so is contingent upon Petitioner attempting to litigate the claim in state court. That is because the Court cannot definitively conclude at this time that

---

[1] Rule 15 of the Federal Rules of Civil Procedure applies to habeas cases. At this stage of the litigation Petitioner must receive consent from Respondents or leave of Court to file an amended petition. Fed. R. Civ. P. 15(a)(2).

1

Petitioner would be barred from litigating the *Brady* claim in a state court PCRA petition.[2]

Therefore, the Court must deem the *Brady* claim to be unexhausted. This is in accordance with 28 U.S.C. § 2254(b) and (c) which provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>    (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)   (i) there is an absence of available State corrective process; or
>
>            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> - - -
>
> (c) *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*

(Emphasis added.)

---

[2] Nothing herein should be read by Petitioner as a comment that the state court will conclude that a PCRA petition raising the *Brady* claim is timely filed. The Court only notes that the PCRA has a one-year statute of limitations, which provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
> - - -
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa. Const. Stat. § 9545(b)(1)(ii), (2).

A federal habeas petitioner must complete the exhaustion of his available state-court remedies before he or she may litigate a claim in a § 2254 petition. This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Federal court intervention would be premature whenever a state procedure may afford a petitioner with an opportunity to obtain relief from the judgment of sentence that he seeks to attack in a federal habeas proceeding. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.")

A consequence of Petitioner amending the Petition to include the new *Brady* claim is that it is now what is commonly called a "mixed petition," meaning it includes both exhausted and unexhausted claims. The general rule is that a district court should dismiss a "mixed petition" without prejudice to the state prisoner's right to file another federal habeas case after he or she completes the exhaustion of the claims at issue in state court. *Rose v. Lundy*, 455 U.S. 509 (1982); *see also Coleman*, 501 U.S. at 731 ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") However, when a district court is presented with a "mixed petition" it does have the authority in some circumstances to stay the federal habeas proceeding rather than dismiss it. *Rhines v. Weber*, 544 U.S. 269 (2005);[3] *see also Heleva v. Brooks*, 581 F.3d 187, 189-90 (3d Cir. 2009).

---

[3] The practice of staying and abeying federal habeas cases is a development necessitated by the interaction of the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and the pre-AEDPA rule set forth in *Rose v. Lundy* that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. *Rhines*, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come *Footnote continued on next page…*

Here, it is appropriate for the Court to stay this case while Petitioner attempts to litigate his *Brady* claim in a PCRA proceeding instead of dismissing this case.

In conclusion, the Court will grant Petitioner's Motion to Amend (ECF 35). However, in the interests of comity and federalism, the Court will stay this case with the directive that Petitioner must attempt to litigate the *Brady* claim in a state-court PCRA proceeding. Any other result would deprive the Pennsylvania courts of the initial opportunity to pass upon and correct, if necessary, the alleged violation of Petitioner's constitutional rights occurring in their system. If Petitioner opts not to file a state-court PCRA petition raising his *Brady* claim, he must, by February 4, 2022, file a motion with this Court that: (1) notifies it that he is withdrawing his *Brady* claim so that his Petition is no longer a "mixed petition"; and (2) requests that the stay be lifted. *See, e.g.*, *Philhower v. Pierce*, No. 16-cv-1062, 2017 WL 3275732, at *2 (D. Del. Aug. 1, 2017) (providing the petitioner with an opportunity to withdraw the unexhausted claims and proceed with the exhausted claims so as to avoid the "total exhaustion" rule that applies to mixed petitions); *Simmons v. Beard*, 356 F. Supp. 2d 548, 555 (W.D. Pa. 2005) (district court stayed the federal habeas case because it could not conclude that requiring the petitioner to exhaust his new claims would be futile, and lifted the stay only after the petitioner advised it that he decided not to litigate his new claim in a PCRA proceed and, therefore, would not raise it in his federal habeas proceeding either).

---

to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."). In *Rhines*, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted. 544 U.S. at 276-78.

Based upon the foregoing, it is ORDERED that:

1. Petitioner's Motion to Amend (ECF 35) is granted.

2. This federal habeas case is stayed and administratively closed[4] to provide Petitioner with the opportunity to exhaust the *Brad*y claim in state-court PCRA proceeding. The stay will remain in effect until the conclusion of the PCRA proceeding, including any appeal to a state appellate court. Within 30 days after the completion of the PCRA proceeding, including any appeals, Petitioner shall notify this Court of the outcome of that proceeding. In the event that he does not receive the relief he seeks in state court, this Court will reopen this case and issue the appropriate scheduling order.

3. If Petitioner opts not to file a PCRA petition that raises his *Brady* claim, he must file a motion with this Court by **February 4, 2022** requesting that the stay in this case be lifted and notifying the Court that he is withdrawing his *Brady* claim so that his Petition is no longer a "mixed petition."

So ORDERED this 7th day of January 2022

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[4] An order administratively closing a case is not a "dismissal" on the merits. Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication. *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administration termination "has no legal significance beyond removing the case from [the Court's] active docket," it does not prejudice the substantive rights of the parties. *Massey v. Pfeifer*, No. 1:17-cv-173, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017). However, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.