IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON PLATT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:20-1799 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM**[1]

State prisoner Leon Platt recently submitted correspondence (ECF 81) in which he asserts that this Court should have recused itself from presiding over his federal habeas action. Because this Court entered the final order denying Platt's amended petition for a writ of habeas corpus and closing this case on August 5, 2025, and Platt's correspondence was filed at least 31 days later,[2] his correspondence will be construed as a motion seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court will deny the motion and deny a certificate of appealability.

### I.

Platt argues that this Court should have recused itself from presiding over his federal habeas case because it also presided over a separate civil rights action filed by Taylor Foley, who

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Platt did not date his correspondence, which was filed with the Court on September 9, 2025. The envelope that contained it was postmarked September 5, 2025, which is 31 days from the date the Court issued the final order denying the amended petition and closing this case.

1

testified at his state criminal trial.[3] Platt speculates that because the undersigned presided over Foley's civil rights action, it may have been biased against him when ruling on his federal habeas claims.

Rule 60(b) allows a party to seek relief from a final judgment under the following limited set of circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

The only provision that could be implicated by Platt's assertions is Rule 60(b)(6), but to prevail under it Platt must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotations and citations omitted); *see, e.g.*, *Palmer v. Jijakazi*, 2021 WL 6125042, at *2 (E.D. Pa. Dec. 28, 2021) ("Although Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case,'

---

[33] That civil action was filed by Foley under 42 U.S.C. § 1983. In it, she asserted procedural and substantive due process claims and related state law claims against Lawrence County, the Lawrence County Children and Youth Services, and the Lawrence County District Attorney. In a decision issued on December 28, 2020, this Court granted the defendants' motion for summary judgment on Foley's federal claims and dismissed her state law claims without prejudice to refiling them in state court.

2

it does 'not confer upon the district courts a standardless residual discretionary power to set aside judgments.'") (quoting *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)). "Such [extraordinary] circumstances will rarely occur in the habeas context[,]" *Gonzalez*, 545 U.S. at 535, and none are present here.

Platt has known that this Court presided over Foley's civil rights action since at least January 2022. (*See* 8/5/25 Mem., ECF 76 at 11, quoting *Commonwealth v. Platt*, 292 A.3d 1107 (Pa. Super. Ct. 2023), which explained: "On January 21, 2022, [Platt] filed…the pro se PCRA petition [in state court]. Therein, [he] claimed that he 'was in the law library and wanted to know the outcome of Taylor Foley's federal lawsuit decision' and discovered from Judge Patricia Dodge's memorandum opinion disposing of the case in federal court that Foley 'got a deal to testify' in [his] case. [He] attached to his petition a copy of the U.S. District Court's December 28, 2020 decision.") (internal citation and footnote omitted). Platt did not file the instant motion asserting that this Court should have recused itself from this federal habeas case until more than three years later, *after* final judgment entered.

If in fact Platt believed there were grounds warranting recusal, it was incumbent on him to move for recusal under 28 U.S.C. § 455 *before* this Court issued the final order in this habeas case. As with motions for reconsideration under Rule 59(e), a motion under Rule 60(b)(6) "may not be used as a second bite at the apple," and does not allow a party to relitigate issues already resolved by the court or to advance additional arguments which could have been made by the movant before judgment. *See, e.g.*, *Zhaojin Ke v. DiPasquale*, 2019 WL 4889109, at *2 (W.D. Pa. Oct. 3, 2019) (quoting *United States v. Fausnaught*, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018)).

Finally, Platt presents no reason in the instant motion that would have warranted that this Court recuse itself from presiding over his habeas case. It is well established that "a party's

3

displeasure with legal rulings does not form an adequate basis for recusal[,]" *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000), and Platt's conclusory and unsubstantiated allegations of bias do not suffice to support a motion for recusal. *See, e.g.*, *Hill v. Carpenter*, 323 Fed. App'x 167, 170 (3d Cir. 2009) (upholding district court's refusal to recuse itself where "conclusory allegations" in the motion "failed to provide evidence to support this accusation [of bias.]") (citing *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989) ("[c]onclusory statements and opinions" made in support of a motion for recusal "need not be credited")).

For all of these reasons, Platt has not shown that there is any circumstance justifying the reopening of the final judgment entered in this case under Rule 60(b).

### III. Conclusion

Based on the above, the Court will deny Platt's Rule 60(b) motion. (ECF 81.) Because jurists of reason would not find debatable the Court's disposition of this motion, the Court also will deny a certificate of appealability. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

Date: November 4, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge